NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————————  )
                                                    )
CARTER LEDYARD & MILBURN LLP,        )        Hon. Garrett E. Brown, Jr.
                                                    )
                      Plaintiff,                    )        Civil Action No. 07-3216
            v.                                      )
                                                    )        **MEMORANDUM OPINION**
MARIA JOSE CARRASCOSA,              )
JOSE CARRASCOSA CUSI, and            )
VICTORIA CARRASCOSA,                 )
                                                    )
                      Defendants.                   )
———————————————————————  )

**BROWN**, **Chief Judge:**

This matter[1] comes before the Court upon Plaintiff's motion for summary judgment (Doc. No. 21) against Defendant Maria Jose Carrascosa. This Court has considered the parties' arguments and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, the Court will grant Plaintiff's motion.

## I.      BACKGROUND

This attorneys' fees dispute concerns legal services rendered by Plaintiff Carter Ledyard & Milburn (CL&M), a New York limited liability partnership, on behalf of Defendant Maria Jose Carrascosa ("Carrascosa"), who is a subject of the Kingdom of Spain and is currently incarcerated in the State of New Jersey. In discussing the relevant facts, the Court draws all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

_____

[1]This matter was reassigned to the undersigned by Order of March 15, 2010.

The instant dispute has its roots in the international custody dispute between Carrascosa and her ex-husband Peter Innes[2].  When the couple separated in 2004, they signed a custody agreement that prohibited either party from taking the couple's daughter outside the United States without the express permission of the other parent.  In December 2004, Innes filed for divorce in New Jersey state court, and Carrascosa subsequently filed for annulment in Spanish court; both parents sought custody of their daughter in the respective proceedings. Carrascosa thereafter removed their daughter to Spain without Innes' permission in January of 2005.  The custody decisions of the New Jersey court and Spanish court conflicted, and Carrascosa was arrested and indicted for failure to obey the New Jersey court's custody orders. Carrascosa filed numerous applications for release with the New Jersey Superior Court, Appellate Division, as well as a collateral action in this District pursuant to 28 U.S.C. § 2254. The Appellate Division denied Carrascosa's applications for release, and the Honorable Dickinson R. Debevoise, Senior United States District Judge, denied Carrascosa's habeas petition.  *Carrascosa v. McGuire*, Civ. No. 07-0355, Doc. Nos. 25–26 (Opinion and Order of Feb. 8, 2007), 61–62 (Opinion and Order of May 15, 2007 (Denying Reconsideration).  The Third Circuit affirmed Judge Debevoise's denial of habeas relief on March 20, 2008.[3]

The present action only concerns the legal obligation of Carrascosa, her father Jose

_____

[2]This Court draws its account of the international custody dispute from Judge Debevoise's discussion of the same in *Carrascosa v. McGuire*, Civ. No. 07-0355, 2007 WL 496459, at *1–6 (D.N.J. Feb. 8, 2007).

[3]Another collateral action was filed in this District as Civil Action No. 06-4648.  On April 20, 2007, the Honorable Susan D. Wigenton, United States District Judge, *sua sponte* dismissed that matter as presenting the same issues that had been decided by Judge Debevoise's Order of February 8, 2007.  *Carrascosa v. Innes*, Civ. No. 06-4648, Doc. No. 22.

Carrascosa Cusi, and her sister Victoria Carrascosa to pay for legal services rendered on

Carrascosa's behalf by CL&M.  Between November 2006 and June 2007, it is undisputed that

CL&M attorneys represented and/or provided legal advice to Carrascosa with regard to the

following proceedings: (1) an extradition proceeding in the State of New York; (2) the federal

habeas petition in the District of New Jersey; (3) an appeal of the New Jersey court's custody

decision and sanctions award to the Appellate Division; (4) a criminal action in Superior Court,

Bergen County; (5) applications for emergency relief from the Appellate Division; and (6) a

Bergen County Jail administrative proceeding.  (Lewis Decl. ¶¶ 3, 6.)  CL&M has presented a

December 4, 2006 retainer agreement and March 14, 2007 amendments to the retainer agreement

(hereinafter "retainer agreements").  (Lewis Decl. Ex. D.)  The retainer agreements indicate that

CL&M would charge fees for the hours worked on Carrascosa's legal proceedings; explain that

CL&M's hourly billing rates range from $190 to $575 and note that the identified attorneys'

hourly rates are $525, $575, and $350 respectively; and state that CL&M "requires a retainer of

$100,000, which will be applied against the firm's hourly rates."  (*Id.*)  Both retainer agreements

bear Carrascosa's signature in a signature block indicating that Carrascosa agreed to the terms of

the retainer agreements.  (*Id.*)  Furthermore, CL&M alleges in its Amended Complaint that

Carrascosa's father promised to pay his daughter's legal fees, and that Carrascosa's sister

repeatedly represented that the government for the Spanish Province of Valencia would pay

Carrascosa's legal fees.  (Am. Compl. ¶¶ 24–25, 36–37.)

CL&M claims that it performed legal services totaling $445,133.14 on behalf of

Carrascosa, and that it provided Carrascosa and her father with statements of account on March

2, 2007, April 18, 2007, and June 20, 2007 documenting these fees.  (Am. Compl. Exs. A–C;

Lewis Decl. ¶ 6.)  CL&M contends that neither Carrascosa nor her father objected to these statements of account.  (Lewis Decl. ¶ 6.)  Of this total amount, CL&M claims that Defendants and third-parties have only paid $40,000 of Carrascosa's legal fees, leaving a debt of $405,133.14.  (*Id.*)

Carrascosa filed a 61-page handwritten opposition brief that purports to raise counterclaims and third-party claims[4] for ineffective assistance of counsel and generally contests the results of the above divorce, criminal, and habeas proceedings that have led to her current incarceration.  Portions of Carrascosa's omnibus brief appear to incorporate arguments presented in her handwritten Answer of December 20, 2007.  Although a number of Plaintiff's positions are unclear and/or illegible, the Court understands Carrascosa to argue that the retainer agreements and statements of account are fraudulent, and that she only agreed to a $100,000 flat rate for legal services rendered by CL&M.  (*See* Carrascosa Resp. Br. at 22 n.* ("$100,000.00 (100k) agreed with Carrascosa; but much less, certainly not, the pretended fraudulent invoices, subject of [illegible]."), 31 (suggesting that her various attorneys were ineffective and "not decerving [sic] the FLAT FEE of $100,000.00 (one hundred thousand) agreed, much less of 'the hundreds of thousands' maliciously and fraudulently pretended, as per Plaintiffs [sic] complaints").)  Carrascosa did not file any exhibits with her response, but appears to rely on

---

[4]Carrascosa's response brief purports to "countersue" more than 10 parties, some of which appear to have no relation to the Plaintiff law firm in this suit, for *inter alia* breach of duty of care, malpractice, gross negligence, ineffective assistance of counsel, and defamation.  (*See* Carrascosa Resp. Br. at I, 1.)  Carrascosa subsequently filed Counterclaims and a Third-Party Complaint, which Magistrate Judge Madeline Cox Arleo struck as improperly filed by Order of September 2, 2010.  The Court expresses no opinion at this time as to the various countersuit arguments presented by Carrascosa's Response Brief.  Pursuant to Magistrate Judge Arleo's September 2 Order, Carrascosa has until September 24, 2010, to file a proper motion for leave to file counterclaim and/or a third-party complaint.

exhibits filed with her Answer.  For the most part, her exhibits appear to be copies of CL&M's exhibits with Carrascosa's handwritten objections inserted in the margins.  For instance, Exhibit A, which is a copy of the December 4, 2006 retainer agreement, bears *inter alia* the following handwritten statements on its face: "My signature is missing; in original contract signature WAS HERE!!"; "Not the contract I signed!  this [sic] is fraud; they changed it"; and "fes [sic] $100k only <u>not</u> 525 h/fee!!"  (Answer Ex. A (emphasis in original).)  Carrascosa does not appear to contest that the signature on the final page of the retainer agreements is her signature.

CL&M filed a six-count Amended Complaint on December 10, 2007 presenting claims for breach of contract, account stated, quantum meruit, fraud, and promissory estoppel against Carrascosa, her father, and her sister.  CL&M now moves for summary judgment against Carrascosa seeking $405,133.14 in unpaid legal fees.

## II.   ANALYSIS

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita*, 475 U.S. at 587; *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d

5

Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).  This Court has

jurisdiction pursuant to 28 U.S.C. § 1332(a), because the matter involves diverse citizens, and the

controversy exceeds $75,000.

CL&M presents three claims against Carrascosa: breach of contract, account stated, and

quantum meruit.  Under New Jersey law,[5] a plaintiff must establish the following elements in

order to prevail on a claim for breach of contract: (1) the existence of a contract between the

parties; (2) the plaintiff satisfied the terms of the agreement; (3) the defendant failed to satisfy at

least one term of the agreement; and (4) the breach caused the plaintiff to suffer damages.  *E.g.*,

*Warren Distrib. Co. v. InBev USA L.L.C.*, Civ. No. 07-1053, 2010 WL 2326168, *6 (D.N.J. June

7, 2010); *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561

---

[5]The parties do not indicate whether New Jersey or New York law should apply, and CL&M cites to both in support of its motion.  A federal court sitting in diversity must apply the forum state's choice of law rule.  *Gen. Star Nat'l Ins. Co. v. Liberty Mutual Ins. Co.*, 960 F.2d 377, 379 (3d Cir. 1992).  New Jersey has adopted the "most significant relationship" test of the Restatement (Second) of Conflict of Laws.  *P.V. v. Camp Jaycee*, 197 N.J. 132, 136 (2008).  In determining which state has the most significant relationship in a contract dispute, New Jersey courts apply Section 188 of the Restatement (Second) of Conflict of Laws.  *Kramer v. Ciba-Giegy Corp.*, 371 N.J. Super. 580, 599 (App. Div. 2004).  Section 188 instructs courts to consider the following factors in determining which state has the most significant relationship: (a) the place of contracting, (b) the place of negotiation, (c) the place of performance, (d) the location of the subject matter of the contract, (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.  The Section 188 factors reveal that New Jersey has the most significant relationship with this action, because CL&M indicates that Carrascosa signed the retainer agreements in her New Jersey jail cell (*see* Lewis Decl.  ¶ 14), most of the U.S. legal proceedings took place in state and federal courts in New Jersey (*see id.* ¶ 3), Carrascosa is presently incarcerated in New Jersey, and the underlying custody dispute arose from a divorce action first filed in New Jersey between a couple that was domiciled in New Jersey at the time.  *See generally Carrascosa v. McGuire*, Civ. No. 07-0355, 2007 WL 496459, at *1–6 (D.N.J. Feb. 8, 2007).  Accordingly, this Court will apply New Jersey law to Plaintiff's claims.  However, the Court notes that the application of New Jersey law, as opposed to New York law (where CL&M is headquartered), does not effect the outcome of this proceeding, because New York law does not materially differ from New Jersey law with regard to the common law claims advanced by CL&M.

(D.N.J. 2002); *Coyle v. Englander's*, 199 N.J. Super. 212, 223 (App. Div. 1985).  It is well established that a valid contract requires offer, acceptance, and consideration.  *E.g.*, *Smith v. SBC Commc'ns Inc.*, 178 N.J. 265, 283 (2004).  Here, CL&M has presented evidence that Carrascosa signed retainer agreements on December 4, 2006 and March 14, 2007, accepted legal services, and failed to pay for the same.  (Lewis Decl. ¶ 6 & Ex. D.)  The December 4 agreement explained that CL&M would represent Carrascosa with regard to her arrest in New York, her criminal case in New Jersey, and her appeal of the New Jersey family court proceedings.  (Lewis Decl. Ex. D.)  It further provided that CL&M would charge fees for the hours worked on Carrascosa's legal proceedings, and it stated that CL&M required a retainer of $100,000.  (*Id.*)  The latter agreement, which amended the December 4 agreement, indicated that CL&M would represent Carrascosa in additional proceedings, including a federal habeas proceeding before Judge Debevoise, the subsequent appeal, and her federal case before Judge Wigenton.  Carrascosa's signature appears on both retainer agreements under text indicating that she assented to these terms (*id.*), and Alan Lewis, a CL&M attorney who represented Carrascosa, states in his declaration that he witnessed Carrascosa sign the retainer agreements in his presence during his visits to her jail cell on those dates (Lewis Decl. ¶ 14).

Although Carrascosa argues that CL&M's forms are fraudulent, she presents no colorable evidence for this proposition, and she presents no evidence of a contrary contractual agreement. Carrascosa's unsworn and unsubstantiated arguments are not enough to survive a motion for summary judgment.  *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this

rule—set out specific facts showing a genuine issue for trial."); *Matsushita*, 475 U.S. at 586 (explaining that party opposing a motion for summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts").  The fact that Defendant, at some unspecified later date, scrawled conclusory statements such as "this is fraud" on a copy of the retainer agreement does not establish a genuine dispute of fact regarding whether or not she accepted CL&M's offer to provide legal services for appropriate fees.  Carrascosa does not dispute that the signature appearing on the retainer agreements is authentic.[6]  Accordingly, there is no genuine issue of fact regarding the existence of a contract for legal services between CL&M and Carrascosa.

CL&M has further presented evidence that, in accordance with the parties' agreement, it performed legal services for Carrascosa totaling $445,133.14, of which Defendants and third-parties have only paid $40,000.  (Lewis Decl. ¶¶ 6–7; *see also* Am. Compl. Ex. A–C.) Carrascosa has presented no evidence disputing CL&M's proofs in this regard.  Consequently, CL&M has established its claim for breach of contract, because there is no genuine dispute that it had an agreement to provide legal services for Carrascosa, that it rendered legal services in accordance with the agreement, that Carrascosa failed to pay for these services, and that CL&M suffered damages in the amount of $405,133.14.  The Court will therefore grant summary judgment in favor of CL&M and against Carrascosa on CL&M's breach of contract claim (Count II) in the amount of $405,133.14.

In light of this Court's ruling on CL&M's breach of contract claim, the Court need not

---

[6]The Court notes that, upon casual inspection, the signature appearing on the retainer agreements bears a strong resemblance to the signature appearing on Carrascosa's handwritten filings with this Court.

decide CL&M's account stated and quantum meruit claims, which seek the same damages.

## III.    CONCLUSION

For the aforementioned reasons, the Court will grant Plaintiff's motion for summary judgment (Doc. No. 21) against Defendant Maria Jose Carrascosa.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: September 10, 2010

                                      _/s/ Garrett E. Brown, Jr._

                                     GARRETT E. BROWN, JR., U.S.D.J.